UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CECIL ELMORE JR., <br><br> Plaintiff, <br><br> -against- <br><br> STARBUCKS COFFEE COMPANY, <br><br> Defendant. | 24-CV-8613 (LTS) <br><br> TRANSFER ORDER |

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff brings this action *pro se*. Plaintiff asserts claims arising from an incident on October 28, 2023, at a Starbucks Coffee Company store. Plaintiff has brought two prior suits against Starbucks in the United States District Court for the Central District of California, at least one of which involved the same incident.[1] For the following reasons, this action is transferred to the United States District Court for the Central District of California.

## DISCUSSION

Under the general venue statute, a civil action may be brought in

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . . ; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b).

---

[1] *See Elmore v. Starbucks*, 2:24-CV-03918, 7 (C.D. Cal. May 14, 2024) (First Amended Complaint asserting claims that arose "[o]n October 28, 2023, at address, 6745 Hollywood Blvd, Los Angeles, California, 90028, [when] Plaintiff Cecil Elmore Jr was a customer at this Defendant Starbucks Corporation restaurant."); *Elmore v. Islas, Jr.,* No. 24-CV-1719, 11 (C.D. Cal. April 29, 2024) (describing Plaintiff's pleading as "a 531-page Complaint against 146 defendants, including Starbucks . . . ." ).

For venue purposes, a "natural person" resides in the district where the person is domiciled, and an "entity with the capacity to sue and be sued" resides in any judicial district where it is subject to personal jurisdiction with respect to the civil action in question. *See* 28 U.S.C. § 1391(c)(1), (2).

The events giving rise to Plaintiff's claim took place in Los Angeles, California. *In Elmore v. Starbucks*, 2:24-cv-03918, 7 (C.D. Cal. May 14, 2024), Plaintiff filed a first amended complaint alleging the following facts:

> On October 28, 2023, at address, 6745 Hollywood Blvd, Los Angeles, California, 90028, Plaintiff Cecil Elmore Jr was a customer at this Defendant Starbucks Corporation restaurant. . . . Defendant Starbucks Corporation, their Latinx male employee Defendant DOE 1 intentionally, maliciously, with hatred, harassed, threatened to stab Plaintiff with a sharp object while Defendant DOE 1 directly stared into Plaintiff eyes as Defendant DOE 1 continuously denied Plaintiff public accommodation of goods and services, refusing to provide Plaintiff with a Venti Frappuccino Blended Beverage. Defendant DOE 1 verbally stated directly to Plaintiff "I will stab you, you bitch ass nigger," numerous times during the duration of this incident.

(ECF 7, at 4, ¶ 18). Plaintiff further alleged that Officers Grady and Madid from the Los Angeles Police Department responded to calls about the incident, and that he discussed the incident with Starbucks District Manager "Frank." (*Id.*, at 5, ¶19.)

In this complaint, Plaintiff describes the same incident arising on October 28, 2023, and notes that Officers Grady and Madid responded, and that he discussed the matter with Starbucks District Manager Frank. (ECF 1, at 3-4.) Although Plaintiff omits information from this complaint about where his claims arose, it appears from publicly available information of which the Court can take judicial notice that Plaintiff is raising claims arising from the events that took place in California.

Because Plaintiff's claims arose in California, outside this district, venue is not proper in this district under Section 1391(b)(2) based on where the events occurred. Los Angeles County,

California, is in the Central District of California. 28 U.S.C. § 84(c)(2). Venue therefore is proper, under Section 1391(b)(2), in the Central District of California.

Venue of Plaintiff's claims also does not appear to lie in this district under Section 1391(b)(1) based on the residence of Defendant. Plaintiff alleges that "Defendant Starbucks Coffee Company is a resident in the State of New York and conducting business as Starbucks Coffee Company in the State of New York." (ECF 1 at 2, ¶ 6.)  This allegation is insufficient to show that Starbucks is subject to personal jurisdiction in this district for Plaintiff's claim arising in Los Angeles, California.

Moreover, even if venue is proper in the district where a case is filed, a court may transfer the case "[f]or the convenience of parties and witnesses, in the interest of justice" to any other district where it might have been brought. 28 U.S.C. § 1404(a). In determining whether transfer is appropriate, courts consider the following factors: (1) the convenience of witnesses; (2) the convenience of the parties; (3) the locus of operative facts; (4) the availability of process to compel the attendance of the unwilling witnesses; (5) the location of relevant documents and the relative ease of access to sources of proof; (6) the relative means of the parties; (7) the forum's familiarity with the governing law; (8) the weight accorded to the plaintiff's choice of forum; (9) trial efficiency; and (10) the interest of justice, based on the totality of circumstances. *Keitt v. N.Y. City*, 882 F. Supp. 2d 412, 459-60 (S.D.N.Y. 2011); *see also N.Y. Marine and Gen. Ins. Co. v. LaFarge No. Am., Inc.*, 599 F.3d 102, 112 (2d Cir. 2010) (setting forth similar factors). A plaintiff's choice of forum is accorded less deference where the plaintiff does not reside in the chosen forum and the operative events did not occur there. *See Iragorri v. United Tech. Corp.*, 274 F.3d 65, 72 (2d Cir. 2001).

Transfer under Section 1404(a) appears to be appropriate in this case. The underlying events occurred in Los Angeles County, California, and it is reasonable to expect that most relevant documents and witnesses also would be found in that district. The Central District of California therefore appears to be a more convenient forum for this action. Accordingly, the Court transfers this action to the United States District Court for the Central District of California. 28 U.S.C. § 1404(a); *see D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 106 (2d Cir. 2006) ("District courts have broad discretion in making determinations of convenience under Section 1404(a) and notions of convenience and fairness are considered on a case-by-case basis.").

## CONCLUSION

The Clerk of Court is directed to transfer this action to the United States District Court for the Central District of California. Whether Plaintiff should be permitted to proceed further without prepayment of fees is a determination to be made by the transferee court. A summons shall not issue from this Court. This order closes the case in the Southern District of New York.

The Court certifies, under 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   November 14, 2024
         New York, New York

                                                                  /s/ Laura Taylor Swain
                                                                 LAURA TAYLOR SWAIN
                                            Chief United States District Judge