Cecil Elmore Jr
PO Box 12
New York, New York 10014
Phone Number: 323-608-9894
Email Address: celmore009@yahoo.com

Plaintiff, Counsel in Pro Se

FILED

CLERK, U.S. DISTRICT COURT

08/21/2025

CENTRAL DISTRICT OF CALIFORNIA

BY _____GSA_____ DEPUTY

DOCUMENT SUBMITTED THROUGH THE
ELECTRONIC DOCUMENT SUBMISSION SYSTEM

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| CECIL ELMORE JR,<br><br>            Plaintiff,<br><br>    vs.<br><br>STARBUCKS COFFEE COMPANY; STARBUCKS<br>CORPORATION; DOE 1,<br><br>            Defendant(s) | ) Case No.: **2:24-cv-10259-FLA-BFM**<br>) [Case Consolidated with 2:25-cv-00768-FLA-BFM]<br>)<br>) **FIRST AMDENDED COMPLAINT FOR DAMAGES**<br>)   1. **VIOLATION 42 U.S. CODE § 2000a(b)(2)**<br>)   2. **VIOLATION 42 U.S. CODE § 2000a – 2a**<br>)      **PROHIBITION AGAINST DEPRIVATION OF**<br>)      **INTERFERENCE WITH, AND PUNISHMENT**<br>)      **FOR EXERCISINGT RIGHTS AND**<br>)      **PRIVILEGES SECURED BY SECTION 2000a**<br>)   3. **VIOLATION 42 U.S. CODE § 2000a -2b**<br>)      **PROHIBITION AGAINST DEPRIVATION OF**<br>)      **INTERFERENCE WITH, AND PUNISHMENT**<br>)      **FOR EXERCISING RIGHTS AND PRIVILEGES**<br>)      **SECURED BY SECTION 2000a**<br>)   4. **VIOLATION RALPH CIVIL RIGHTS ACT –**<br>)      **THREAT OF VIOLENCE**<br>)      **CALIFORNIA CIVIL CODE § 51.7**<br>)   5. **VIOLATION TOM BANE CIVIL RIGHTS ACT**<br>)      **CALIFORNIA CIVIL CODE § 52.1**<br>)   6. **VIOLATION INTENTIONAL INFLICTION OF**<br>)      **EMOTIONAL DISTRESS (IIED)**<br>)   7. **VIOLATION NEGLIGENT SUPERVISION**<br>)   8. **VIOLATION NEGLIGENCE**<br>)<br>)<br>)<br>)<br>) **JURY TRIAL DEMANDED: YES**<br>)<br>) |

## I.    JURISDICTION

1.    Under 28 U.S.C. § 1331, a cause arising under the United States Constitutional and Laws of the United States.

2.    Plaintiff Cecil Elmore Jr claims for Violations of 42 U.S. Code § 2000a(b)(2); 42 U.S. Code

§ 2000a-2a; 42 U.S. Code § 2000a-2b claims for relief, arise under the Constitution and Laws of the
United States such that the jurisdiction of the United States District Court.

3.        Plaintiff Cecil Elmore Jr, is a resident of the State of New York.

4.        Defendant Starbucks Coffee Company, was formed in the State of Washington.
Principle address 2401 Utah Avenue S MS: S-LA 1 Suite 800, Seattle, Washington 98134.  Defendant
Starbucks Coffee Company is a resident of the State of New York.  Starbucks Coffee Company have
numerous Starbucks locations in the State of New York.

5.        Defendant Starbucks Corporation was formed in the State of Washington in the United
States and is a State of Washington corporation.   Principle address 2401 Utah Avenue S MS: S-LA 1
Suite 800, Seattle, Washington 98134.  Starbucks Corporation have numerous Starbucks locations in
the State of New York.

## II.    **VENUE**

6.        Venue is proper for the United States District Court pursuant to 28 U.S.C. § 1391(b)(1).
Plaintiff Cecil Elmore Jr is a resident of the State of New York.  Defendant Starbucks Coffee Company is
a resident of the State of Washington.  Defendant Starbucks Corporation is a resident of the State of
Washington.

## III.    **PARTIES**

7.        Plaintiff Cecil Elmore Jr is an adult qualified to bring suit on his own behalf.  Plaintiff
Cecil Elmore Jr is a resident of the State of New York.  Plaintiff Cecil Elmore Jr is an African
American/Black Male, Federally protected in a Minority Class.

8.        Defendant Starbucks Coffee Company is sued in their official capacity.  Defendant
Starbucks Coffee Company have numerous Starbucks Coffee Company businesses in the State of New
York.  Defendant Starbucks Coffee Company Chief Executive Officer name is Brian Niccol, business
address: 2401 Utah Ave South Suite 800, MS:S-LA1, Seattle, Washington, United States, 98134-1435.
Defendant Starbucks Coffee Company Principle Executive Office Address is 2401 Utah Ave South Suite
800, MS:S-LA1, Seattle, Washington, United States, 98134-1435.  Defendant Starbucks Coffee

Company, Vice President Store Operations is Francesca Peri.  Throughout this Federal Civil action, Defendant Starbucks Coffee Company will also be referred to as "Starbucks."  Starbucks Coffee Company throughout this Federal Civil action, supervised their employee Defendant DOE 1.

9.      Defendant Starbucks Corporation is sued in their official capacity.  Defendant Starbucks Corporation Chief Executive Officer name is Brian Niccol, business address: 2401 Utah Ave South Suite 800, MS:S-LA1, Seattle, Washington, United States, 98134-1435.  Defendant Starbucks Corporation Principle Executive Office Address is 2401 Utah Ave South Suite 800, MS:S-LA1, Seattle, Washington, United States, 98134-1435.  Defendant Starbucks Corporation, Vice President Store Operations is Francesca Peri.  Throughout this Federal Civil action, Defendant Starbucks Corporation will also be referred to as "Starbucks."  Starbucks Corporation throughout this Federal Civil action, supervised their employee Defendant DOE 1.

10.      Defendant DOE 1 is sued in his individual capacity.  Defendant DOE 1 is a Hispanic/Latino male employee of Defendants Starbucks Coffee Company and Starbucks Corporation.  Defendant DOE 1 throughout this Federal Civil action, will also be referred to as Starbucks employee as he was on duty and in uniform for Starbucks Coffee Company; Starbucks Corporation.

### IV.     <u>STATEMENT OF FACTS</u>

11.      Defendants Starbucks Coffee Company; Starbucks Corporation, have a negative past history of racial discrimination against African American/Black customers.  Most notably, stemming the April 12, 2018 arrest of two Black men named Rashon Nelson and Donte Robinson, in Philadelphia for not making a purchase that came from a Defendants Starbucks Coffee Company; Starbucks Corporation manager employee that was in uniform and on duty.  The two Black men were taken into custody and later released after lack of evidence, but not before video footage of their arrests went viral.  This incident led to backlash, protests, and Starbucks closing its US Stores for a day of Anti-Bias training.  Defendants Starbucks Coffee Company; Starbucks Corporation, CEO Kevin Johnson publicly apologized, calling the incident "reprehensible."  On May 28, 2019, Defendants Starbucks Coffee Company; Starbucks Corporation closed at least 8,000 US stores for a day to provide Anti-Bias training

to its employees.  The move was in response to national outrage over the arrests of two Black customers while they were simply waiting for a meeting to begin at a Philadelphia Starbucks.

12.        Starbucks Coffee Company; Starbucks Corporation refers to all employees, businesses, and Government entities that they conduct business matters with as "partners."  Since the early 2000's, Starbucks Coffee Company; Starbucks Corporation has had a policy of giving free coffee to Police Officers.  This is a way Starbucks Coffee Company; Starbucks Corporation has a way to curry favor with the Police Department.[1]  Sincer 2011, Starbucks Coffee Company; Starbucks Corporation joined with Law Enforcement Police Departments within the United States, through their Coffee with a Cop Program which is brought to Starbucks stores with their partners Police Departments and Law Enforcement Police Officers.  Starbucks Coffee Company; Starbucks Corporation has a business and personal relationship with Police Departments throughout the United States of America, and with this relationship, Law Enforcement Police Officers favor Starbucks Coffee Company; Starbucks Corporation. Law Enforcement Police Department Officers are receiving Starbucks Coffee Company; Starbucks Corporation store products and benefits in exchange for Law Enforcement duties in Starbucks Coffee Company; Starbucks Corporation favor.

13.        On 10/28/2023, Plaintiff Cecil Elmore Jr was a customer at Starbucks Coffee Company; Starbucks Corporation restaurant.  While Plaintiff was at this restaurant as a customer, Plaintiff was intentionally, maliciously, racially discriminated against for being an African American/Black Male and the color of his skin by Defendants Starbucks Coffee Company; Starbucks Corporation, and their employee Defendant DOE 1.  Starbucks Coffee Company; Starbucks Corporation and their employee DOE 1, a Latino/Hispanic employee verbally denied Plaintiff public accommodation of goods and services.  This Latino/Hispanic employee of Starbucks, DOE 1 stated to Plaintiff, that he is not making the Frappuccino Blended Beverage.  Starbucks Coffee Company; Starbucks Corporation, employee Latino/Hispanic male, DOE 1 intentionally, maliciously, with hatred, harassed, threatened to stab Plaintiff with a sharp object knife while the Starbucks employee directed stated into Plaintiff eyes as Starbucks employee continuously denied Plaintiff public accommodations of goods and services,

[1] Source: thecommoncafe.com "Starbucks' Free Coffee for Police Officers: A Controversial Policy

refusing to provide Plaintiff with a Venti Frappuccino Blended Beverage.  Starbucks employee verbally stated directly to Plaintiff, I will stab you you bitch ass nigger, numerous times during the duration of this incident Starbucks Coffee Company; Starbucks Corporation Latino/Hispanic male employee continuously verbally insulted Plaintiff with threats of violence and racial derogatory slurs.  This incident occurred in front of numerous Starbucks Coffee Company; Starbucks Corporation customers in store, at least one (1) child was witness to this incident.  There are numerous Starbucks restaurant address 6745 Hollywood Blvd., Los Angeles, California 90028, audio and video surveillance (CCTV) cameras that captured Plaintiff Cecil Elmore Jr being threatened with physical violence with a sharp object, racially discriminated for being African American, and the color of his skin, also Plaintiff being denied public accommodation because Plaintiff being African American by Starbucks Coffee Company; Starbucks Corporation and their employee DOE 1.  Therefore, Starbucks Coffee Company; Starbucks Corporation and their Latino/Hispanic employee DOE 1, as denied Plaintiff to the full and equal enjoyment of goods, services, facilities, privileges, advantages, and accommodations of this public Starbucks restaurant for being African American/Black.

14.     Plaintiff contacted the Los Angeles Police Department (LAPD) and reported criminal violations, but not limited to, Hate Crime known a The Matthew Shepard and James Byrd, Jr Hate Crimes Prevention Act of 2009, 18 U.S.C. § 249, Plaintiff Cecil Elmore Jr being threatened with a sharp object knife by Starbucks Coffee Company; Starbucks Corporation Latino/Hispanic employee, DOE 1. LAPD responded by first sending two (2) LAPD Officers – Michael T. Grady (Badge # 41438); and Natasha L. Madjd (Badge # 42075).  Plaintiff in person stated to these two LAPD Officers in regards to the unlawful acts Starbucks Coffee Company; Starbucks Corporation and Latino/Hispanic male employee, DOE 1 committed against Plaintiff.  During Plaintiff statement to the two LAPD Officers, Plaintiff noticed that both LAPD Officers, Michael T. Grady and Natasha L. Madjd, did not have a light signaling that their body cameras were on.  Plaintiff believes that these two LAPD Officers intentionally, maliciously, did not have their body cameras on and that the body cameras were off to benefit Starbucks Coffee Company; Starbucks Corporation and their employee DOE 1.  Plaintiff told these two LAPD Officers that they need to get possession of Starbucks restaurant audio and video (CCTV) surveillance camera footage as it will have evidence in recording of Plaintiff being a victim of criminal

violations, that came directly from Defendants Starbucks Coffee Company; Starbucks Corporation and their Latino/Hispanic male employee, DOE 1.  The LAPD Officers intentionally, maliciously, did not obtain the audio and video (CCTV) surveillance camera footage recording of Plaintiff Cecil Elmore Jr as a victim of this crime and unlawful acts committed from Starbucks Coffee Company; Starbucks Corporation and their Latino/Hispanic male employee, DOE 1.  The LAPD Officer Natasha L. Madjd stated directly to Plaintiff, that the Starbucks Coffee Company; Starbucks Corporation, manager on duty named Daniel stated to LAPD, that the employee is now terminated, referring to DOE 1.  Even with the evidence of the unlawful acts and crimes that Starbucks Coffee Company; Starbucks Corporation employee DOE 1 had committed a Hate Crime against Plaintiff Cecil Elmore Jr, the LAPD Officers refused to charge Starbucks Coffee Company; Starbucks Corporation and employee DOE 1 with any criminal charges.  These two LAPD Officers – Michael T. Grady and Natasha L. Madjd, did not report Starbucks Coffee Company; Starbucks Corporation and employee DOE 1 Hate Crime committed against Plaintiff Cecil Elmore Jr to the Federal Bureau of Investigation (FBI) and/or Department of Justice (DOJ).

15.    Plaintiff alleges and believes that LAPD Police Department Officers such as Michael T. Grady and Natasha L. Madjd intentionally, maliciously with bias, did not arrest Starbucks Coffee Company; Starbucks Corporation employee DOE 1 because of the "partner" beneficial relationship of goods and services such as free items, participation in events and partnerships, that LAPD has with Starbucks Coffee Company; Starbucks Corporation.  As this encourages the LAPD Police Department and LAPD Police Officers such as Michael T. Grady and Natasha L. Madjd to intentionally commit misconduct in favor of Starbucks Coffee Company; Starbucks Corporation and DOE 1.

16.    On 02/16/2025, Plaintiff Cecil Elmore Jr went to Los Angeles Police Department – Hollywood Patrol Division Station address 1358 N. Wilcox Ave, Los Angeles, California 90028 and was able to make a LAPD Police Report against Defendants Starbucks Coffee Company; Starbucks Corporation; and employee Defendant DOE 1 concerning the 10/28/2023 Hate Crime Incident against Plaintiff Cecil Elmore Jr.  The LAPD Police Office engaging in collusion with Defendant Starbucks Coffee Company; Starbucks Corporation did not write on the LAPD Investigative Report that the suspect – Defendant DOE 1 is a Defendant Starbucks Coffee Company; Starbucks Corporation employee.

17.      On 03/18/2025, Plaintiff Cecil Elmore Jr went to the Los Angeles Police Department – Hollywood Patrol Division Station and talked to LAPD Detective Supervisor Christopher M. Marsden (Badge # 34231) concerning the 10/28/2023 Defendant Starbucks Coffee Company; Starbucks Corporation, and employee Defendant DOE 1, criminal acts against Plaintiff.  During the conversation, Plaintiff demanded that LAPD to get in possession of Starbucks restaurant audio and video (CCTV) surveillance camera footage from Starbucks Coffee Company; Starbucks Corporation.  Plaintiff also gave LAPD Detective Marden, the contact information of Defendant Starbucks Coffee Company; Starbucks Corporation employee District Manager, Frank Marino.  LAPD Detective Marsden gave LAPD cards to Plaintiff.  Detective Marsden stated that his Detective Justine V. Gvirtzman is investigating the matter.

18.      On 03/26/2025, LAPD Detective Gvirtzman, sent in an email stating, that Defendants Starbucks Coffee Company; Starbucks Corporation, ("Starbucks") told her that the Starbucks restaurant audio and video (CCTV) surveillance camera footage of the 10/28/2023 incident was destroyed and overwritten as that now the video only goes back as far as December 2024.  LAPD Detective Gvirtzman admitted that Starbucks Coffee Company; Starbucks Corporation destroyed and overwritten the Starbucks restaurant audio and video (CCTV) surveillance camera footage of the 10/28/2023 incident involving Defendants Starbucks Coffee Company; Starbucks Corporation, and employee Defendant DOE 1 against Plaintiff Cecil Elmore Jr.  LAPD Detective Gvirtzman, along with her colleagues continuously covered up the incident and suppressed evidence of Starbucks restaurant located at address 6745 Hollywood Blvd., Los Angeles, California 90028, Defendants Starbucks Coffee Company; Starbucks Corporation, employee Defendant DOE 1, LAPD, corruption, misconduct, Federal Violations, State Violations, and Criminal Acts against Plaintiff Cecil Elmore Jr.  Plaintiff believes that Defendants Starbucks Coffee Company; Starbucks Corporation intentionally, maliciously with a guilty conscious overwritten and destroyed Starbucks restaurant audio and video (CCTV) surveillance camera footage of the 10/28/2023 incident.

19.      From a direct result of Starbucks Coffee Company; Starbucks Corporation; DOE 1,

Intentional, malicious, racial discrimination against Plaintiff Cecil Elmore Jr for being African American. The Plaintiff has suffered emotional distress and other damages that were directly caused from the outrageous acts from Defendants Starbucks Coffee Company; Starbucks Corporation and DOE 1.

## V.    CLAIMS FOR RELIEF

### FIRST CAUSE OF ACTION

VIOLATION 42 U.S. CODE § 2000a(b)(2)

(AGAINST STARBUCKS COFFEE COMPANY; STARBUCKS CORPORATION; DOE 1)

20.    Plaintiff Cecil Elmore Jr is an African American, Federally protected in a Minority Class. Plaintiff is perceived as African American from the color of Plaintiff skin and his physical characteristics. Defendants Starbucks Coffee Company; Starbucks Corporation, employee/partner DOE 1 is a Latino/Hispanic male and is perceived as a Latino/Hispanic male with the physical characteristics to match.

21.    Starbucks Coffee Company; Starbucks Corporation; employee DOE 1, and their manager Daniel were on duty and in uniform at this Starbucks restaurant located at address 6745 Hollywood Blvd., Los Angeles, California 90028 on date of incident 10/28/2023.

22.    On 10/28/2023, Plaintiff Cecil Elmore Jr was a customer at Starbucks Coffee Company; Starbucks Corporation, Starbucks restaurant address 6745 Hollywood Blvd., Los Angeles, California 90028.  Plaintiff noticed that his order of the Venti Frappuccino Blended beverage was made incorrectly, and Plaintiff returned to Starbucks restaurant address above with the intent of a Venti Frappuccino remake.  Plaintiff brought his Venti Frappuccino Blended beverage to Starbucks Coffee Company; Starbucks Corporation and their employee DOE 1.  Plaintiff stated to Starbucks Coffee Company; Starbucks Corporation, and their employee DOE 1, the Venti Frappuccino Blended beverage was not made correctly and that Plaintiff needs a new Venti Frappuccino Blended beverage remake. The Starbucks Coffee Company; Starbucks Corporation, and their employee DOE 1 stated that they are not going to make Plaintiff a Venti Frappuccino Blended beverage and denied Plaintiff public

accommodation of goods and services at this Starbucks restaurant for Plaintiff being African American/Black.

23.    Starbucks Coffee Company and Starbucks Corporation did not prohibit their employee DOE 1, from denying Plaintiff public accommodation for being African American/Black.

24.    Starbucks Coffee Company; Starbucks Corporation provided their employee DOE 1, with a sharp object knife to harm Plaintiff for being African American/Black.

25.    Starbucks Coffee Company; Starbucks Corporation, and their employee DOE 1 denied Plaintiff public accommodation to this Starbucks public restaurant and Starbucks goods and services, their employee DOE 1 brandished a sharp object knife and pointed it directly to Plaintiff with malice for being African American/Black.

26.    Starbucks Coffee Company; Starbucks Corporation did not prohibit their employee DOE 1, from denying public accommodation services, brandishing a sharp object knife and pointing it with intimidation directly to Plaintiff for being African American/Black.

27.    Starbucks Coffee Company; Starbucks Corporation did not restrain their employee DOE 1, from denying public accommodation services, brandishing a sharp object knife and pointing it at Plaintiff for being African American/Black.

28.    Starbucks Coffee Company; Starbucks Corporation aided and abetted their employee DOE 1, from denying public accommodation services, brandishing a sharp object knife and pointing it at Plaintiff for being African American/Black.

29.    Starbucks Coffee Company; Starbucks Corporation, did not prohibit DOE 1 from physically threatening Plaintiff with a sharp object knife for being African American/Black.

30.    Starbucks Coffee Company; Starbucks Corporation did not disarm the sharp object knife out of DOE 1 hand while threatening Plaintiff for being African American/Black.

31.    Starbucks Coffee Company; Starbucks Corporation, and their employee DOE 1, with hatred stated, discriminatory racial slurs directly to Plaintiff for being African American race and the color of his skin.

32.    Starbucks Coffee Company; Starbucks Corporation did not prohibit their employee DOE 1, from stating discriminatory racial slurs directly to Plaintiff.

33.　　　　Starbucks Coffee Company; Starbucks Corporation did not restrain their employee DOE 1, from stating discriminatory, racial slurs directly to Plaintiff for being African American/Black.

34.　　　　Starbucks Coffee Company; Starbucks Corporation agreed with their employee DOE 1 racial discriminatory slurs directly to Plaintiff for being African American/Black.

35.　　　　Starbucks Coffee Company; Starbucks Corporation aided and abetted their employee DOE 1 discriminatory racial slurs directly to Plaintiff for being African American/Black.

36.　　　　Starbucks Coffee Company; Starbucks Corporation, and their employee DOE 1, with hatred and racial discrimination, stated I will stab you you bitch ass nigger, while pointing a sharp object knife in an intimidating manner directly to Plaintiff more than two times.

37.　　　　Starbucks Coffee Company; Starbuck Corporation did not prohibit their employee DOE 1 from stating, I will stab you you bitch ass nigger, while pointing a sharp object knife in an intimidating manner directly to Plaintiff.

38.　　　　Starbucks Coffee Company; Starbucks Corporation did not restrain their employee DOE 1, stating I will stab you you bitch ass nigger, while pointing a sharp object knife in an intimidating manner directly to Plaintiff.

39.　　　　Starbucks Coffee Company; Starbucks Corporation agreed with their employee DOE 1, stating, I will stab you you bitch ass nigger, while pointing a sharp object knife in an intimidating manner directly to Plaintiff.

40.　　　　Starbucks Coffee Company; Starbucks Corporation did not prohibit their employee DOE 1, from stating I will stab you you bitch ass nigger, while pointing a sharp object knife in an intimidating manner directly to Plaintiff.

41.　　　　Starbucks Coffee Company; Starbucks Corporation, and their employee DOE 1 stated, you bitch as nigger, and I'm going to get the (MS-13) homies in County to hurt you, while holding a sharp dangerous object knife in an aggressive manner to directly intimidate Plaintiff from public accommodation services for being African American/Black.

42.　　　　Starbucks Coffee Company; Starbucks Corporation did not prohibit their employee DOE

1, from stating racial discriminatory slurs, you bitch ass nigger, I'm going to get the (MS-13) homies in County to hurt you, while holding a sharp dangerous object knife in an aggressive manner to directly intimidate Plaintiff from public accommodation services for being African American/Black.

43.     Starbucks Coffee Company; Starbucks Corporation aided and abetted their employee DOE 1, from stating racial discriminatory slurs, you bitch ass nigger, I'm going to get the (MS-13) homies in County to hurt you, while holding a sharp dangerous object knife in an aggressive manner to directly intimidate Plaintiff from public accommodation services for being African American/Black.

44.     Starbucks Coffee Company; Starbucks Corporation encouraged their employee DOE 1, from stating racial discriminatory slurs, you bitch ass nigger, I'm going to get the (MS-13) homies in County to hurt you, while holding a sharp dangerous object knife in an aggressive manner to directly intimidate Plaintiff from public accommodation services for being African American/Black.

45.     When Starbucks Coffee Company; Starbucks Corporation, employee DOE 1 stated, I'm going to get the (MS-13) homies in County, it means, that Starbucks employee DOE 1 will have his Hispanic/Latino Gang Members from County jail to cause direct physical harm to Plaintiff Cecil Elmore Jr for being African American/Black.

46.     Defendants Starbucks Coffee Company; Starbucks Corporation, employee DOE 1, racially discriminated continuously with insults and statements while denying public accommodation of goods and services.

47.     Starbucks Coffee Company; Starbucks Corporation; employee DOE 1, stated, you think I'm scared of you, just because you a big nigger, directly to Plaintiff, which is racial discrimination of Plaintiff being African American/Black physical characteristics.

48.      Starbucks Coffee Company; Starbucks Corporation did not restrain their employee DOE 1, from stating you think I'm scared of you, just because you a big nigger, directly to Plaintiff for being African American/Black.

49.     Starbucks Coffee Company; Starbucks Corporation encouraged their employee DOE 1, from stating you think I'm scare of you, just because you a big nigger, directly to Plaintiff for being African American/Black.

50.     Starbucks Coffee Company; Starbucks Corporation aided and abetted their employee

DOE 1, from stating you think I'm scared of you, because you a big nigger, directly to Plaintiff for being African American/Black.

51.    This incident of Starbucks Coffee Company; Starbucks Corporation, employee DOE 1, harassment, racial discrimination, denial of public accommodation services, intimidation, threats of violence, Hate Crime, threat with sharp object knife, and threat of Hispanic/Latino (MS-13) gang violence, was witnessed by at least five Starbucks employees on duty and in uniform and at least ten Starbucks customers.

52.    A female and female child were next in line standing near Plaintiff during the incident.

53.    Starbucks Coffee Company; Starbucks Corporation, employee manager Daniel, was on duty, in uniform during the entire incident on 10/28/2023, at location 6745 Hollywood Blvd., Los Angeles, California 90028.

54.    Starbucks Coffee Company; Starbucks Corporation, have a duty and obligation to ensure the safety to customers such as Plaintiff at this Starbucks restaurant that provided public accommodations of goods and services to all customers including Plaintiff being African American/Black.

55.    Starbucks Coffee Company; Starbucks Corporation, and their employees DOE 1 and manager Daniel, knew that this misconduct committed by them and DOE 1 would and could possibly cause intentional harm, injury and damages to Plaintiff.

56.    Starbucks Coffee Company; Starbucks Corporation did not have any security guard(s) who are licensed on the premises during the incident.

57.    Starbucks Coffee Company; Starbucks Corporation did not have proper security guard(s) to protect Plaintiff Cecil Elmore Jr as a customer.

58.    Starbucks Coffee Company; Starbucks Corporation, including employees Daniel, DOE 1 and/or any other Starbucks employee did not file a Police Report with the Los Angeles Police Department (LAPD) in regards to this incident against Plaintiff.

59.    At this Starbucks restaurant location, 6745 Hollywood Blvd., Los Angeles, California 90028, there are more than one audio and video (CCTV) surveillance cameras in the building that captured the incident on 10/28/2023, involving Plaintiff Cecil Elmore Jr; Defendants Starbucks Coffee

Company; Starbucks Corporation, their employees, Defendant DOE 1, Starbucks manager Daniel, at least ten Starbucks customers, at least five Starbucks employees on duty and in uniform, and at least ten Los Angeles Police Department (LAPD) Police Officers.

60.     On 10/28/2023, Plaintiff Cecil Elmore Jr contacted the Los Angeles Police Department (LAPD) in regards to the incident of Starbucks Coffee Company; Starbucks Corporation, employee DOE 1, holding a sharp object knife aggressively, brandishing, and threatening, stating racial slurs of Plaintiff being African American/Black, such as, I will stab you you bitch ass nigger, intimidation, and denying Plaintiff public accommodations of goods and services with threats of violence at this Starbucks restaurant.

61.     Plaintiff first encountered two LAPD Police Officers – Michael T. Grady (Badge #41438); and Natasha L. Madjd (Badge #42075) on bicycles of the LAPD Hollywood Division Police Department at the Starbucks restaurant located at 6745 Hollywood Blvd., Los Angeles, California 90028 incident scene.

62.     Plaintiff demanded these two LAPD Police Officers get possession of Starbucks restaurant audio and video (CCTV) surveillance camera footage as it will be evidence in recordings of Plaintiff being a victim of a Hate Crime and Criminal Violations, that came directly from Starbucks Coffee Company; Starbucks Corporation, and their employee Defendant DOE 1.

63.     At least ten LAPD Police Officers were at the incident scene of Starbucks restaurant address 6745 Hollywood Blvd., Los Angeles, California 90028.

64.     The LAPD Officers with corruption, intentionally, maliciously, did not obtain Starbucks Coffee Company; Starbucks Corporation restaurant audio and video (CCTV) surveillance camera footage recordings of the 10/28/2023 incident that involved Plaintiff Cecil Elmore Jr, and Defendants Starbucks Coffee Company; Starbucks Corporation, their employee Defendant DOE 1, at least five Starbucks employees, at least ten Starbucks customers and at least ten LAPD Police Officers.

65.     Defendants Starbucks Coffee Company; Starbucks Corporation, their employee Defendant DOE 1 was in handcuffs by the LAPD Police Officers.

66.     Starbucks Coffee Company; Starbucks Corporation, their employee DOE 1 was detained by LAPD Police Officers.

67.      LAPD Officer Natasha L. Madjd, stated directly to Plaintiff, that Starbucks Coffee Company; Starbucks Corporation manager Daniel, stated that Starbucks Coffee Company; Starbucks Corporation, employee DOE 1 is now terminated.

68.      Plaintiff stated, that he wanted to press Criminal Charges against Defendants Starbucks Coffee Company; Starbucks Corporation and their employee Defendant DOE 1.

69.      The LAPD Officers, but not limited to, Michael T.  Grady and Natasha L. Madjd refused to Criminally Charage Defendants Starbucks Coffee Company; Starbucks Corporation, and their employee Defendant DOE 1 with any criminal violations stemming from the incident against Plaintiff.

70.      On 10/28/2023, in corruption, the LAPD Officers, but not limited to, Michael T. Grady and Natasha L. Madjd refused to allow Plaintiff to file a LAPD Police Report against Starbucks Coffee Company; Starbucks Corporation, and their employee DOE 1.

71.      In a corruption manner, LAPD Police Officers Michael T. Grady and Natasha L. Madjd stated that, Defendant Starbucks Coffee Company; Starbucks Corporation and their employee Defendant DOE 1 did not commit any criminal violations against Plaintiff.

72.      On 10/28/2023, Plaintiff Cecil Elmore Jr made a phone call (phone number +1 (800) 782-7282) made a complaint to Starbucks Coffee Company; Starbucks Corporation in regards to Plaintiff Cecil Elmore Jr being wrongfully denied public accommodations of goods and services from this Starbucks restaurant located at 6745 Hollywood Blvd., Los Angeles, California 90028, because Plaintiff being African American and the color of his skin, with intimidation, Plaintiff being threatened with a sharp object knife by Starbucks Coffee Company; Starbucks Corporation, their employee DOE 1 and being called a nigger several times by Starbucks employee DOE 1.

73.      During this phone call, the representative representing Starbucks Coffee Company; Starbucks Corporation, stated that the District Manager will give Plaintiff a phone call back.

74.      On 10/29/2023, Starbucks Coffee Company; Starbucks Corporation, employee District Manager Frank Marino, called and talked to Plaintiff in regards to the incident that happened on 10/28/2023.

75.      Starbucks Coffee Company; Starbucks Corporation, employee District Manager, Frank

Marino, stated to Plaintiff that Starbucks does have the audio and video (CCTV) surveillance camera footage of the 10/28/2023 incident and it will be reviewed, directly to Plaintiff via telephone.

76.       Starbucks Coffee Company; Starbucks Corporation, employee District Manager, Frank Marino, stated, . . . manager will pull this information tomorrow morning, video and audio and then I will follow up, our store manager Eric Daniel.  This is disappointing, our store hasn't had incidents like this before, so its something new we are navigating through it.  We don't speak like that at Starbucks, when you're a partner to customers and customers to partners.  We believe in respect and kindness, and ultimately we are making drinks we are not doing hard work there is not reason for any type of threat or violence and dismissal of a partner, directly to Plaintiff via telephone.

77.       Starbucks Coffee Company; Starbucks Corporation employee District Manager, Frank Marino, stated and we would do the same if a customer shows a threat of violence we ask those people not to return, directly to Plaintiff via telephone.

78.       Starbucks Coffee Company; Starbucks Corporation, employee District Manager, Frank Marino, stated to Plaintiff that he will go to HR (Human Recourses) to navigate through this and Frank Marino's team manager and will figure out the net steps on their end.

79.       On 11/01/2023, Starbucks Coffee Company; Starbucks Corporation employee District Manager, Frank Marino, called via telephone and spoke to Plaintiff in regards to the incident that happened on 10/28/2023.

80.       Starbucks District Manager, Frank Marino, reviewed the audio and video (CCTV) surveillance camera footage of Starbucks restaurant store with another Starbucks employee.  Frank Marino, stated on this phone call, after reviewing the tape that he is looking at implementing strategies of how Starbucks Coffee Company; Starbucks Corporation, employees interact with paying customers, they are taking action and hope this incident does not occur again, and that Starbucks Coffee Company; Starbucks Corporation is dealing with the incident.

81.       Starbucks Coffee Company; Starbucks Corporation, and their employee District Manager, Frank Marino, did not apologize to Plaintiff about the 10/28/2023 incident.

82.       Starbucks Coffee Company; Starbucks Corporation, employee District Manager Frank

Marino, stated that they are responsible for providing their employee DOE 1 with the sharp object

knife that was used against Plaintiff.

83.    Plaintiff demanded a copy of the 10/28/2023 Starbucks restaurant audio and video

(CCTV) surveillance camera footage of the incident, directly to Starbucks Coffee Company; Starbucks

Corporation, employee District Manager Frank Marino.

84.    Plaintiff stated, that he will be filing a lawsuit against Starbucks Coffee Company;

Starbucks Corporation and their employee DOE 1 concerning the 10/28/2023 incident, directly to

Starbucks Coffee Company; Starbucks Corporation employee District Manager Frank Marino.

85.    Plaintiff stated, that he demands the legal first name, legal last name and valid

Government issued identification of Starbucks Coffee Company; Starbucks Corporation, District

Manager Frank Marino, employee DOE 1.

86.    Starbucks Coffee Company; Starbucks Corporation, employee District Manager Frank

Marino stated, Plaintiff deserved to be threatened with a sharp object weapon, racially discriminated

for being African American and denied public accommodation by them, Starbucks Coffee Company;

Starbucks Corporation, employee DOE 1, all for Plaintiff being African American/Black, directly to

Plaintiff.

87.    Starbucks Coffee Company; Starbucks Corporation, employee District Manager Frank

Marino stated, that Starbucks Coffee Company; Starbucks Corporation, agreed with Plaintiff being

threatened with a sharp object weapon, Plaintiff racially discriminated against for being African

American, and for Plaintiff being denied public accommodation by Starbucks Coffee Company;

Starbucks Corporation and employee DOE 1, directly to Plaintiff.

88.    Starbucks Coffee Company; Starbucks Corporation, employee District Manager Frank

Marino, stated that they had LAPD in a corruptive manner make the 10/28/2023 incident at the

Starbucks restaurant disappear as if they did no harm against Plaintiff, directly to Plaintiff.

89.    Starbucks Coffee Company; Starbucks Corporation, employee District Manager Frank

Marino, stated that they have a partner relationship with the LAPD and Coffee With A Cop Program,

directly to Plaintiff.

90.    Starbucks Coffee Company; Starbucks Corporation employee District Manager Frank

Marino, stated that they have the Starbucks restaurant audio and video (CCTV) surveillance footage of 10/28/2023 incident, and that they will overwritten and destroy it, directly to Plaintiff.

91.     Starbucks Coffee Company; Starbucks Corporation, employee District Manager Frank Marino, stated that they, Starbucks Coffee Company; Starbucks Corporation have State of California Judges and State of California Federal Judges who are their partners that protect them from lawsuits, directly to Plaintiff.

92.     Starbucks Coffee Company; Starbucks Corporation, employee District Manager Frank Marino, stated that they are concealing and refusing to give the legal first name and legal last name, with Government issued identification of their employee DOE 1, directly to Plaintiff.

93.     Starbucks Coffee Company; Starbucks Corporation, employee District Manager Frank Marino, stated that they with their partners of LAPD made it so that Plaintiff does not know the legal first names, legal last names of all the Starbucks customers that witnessed in the Starbucks restaurant on 10/28/2023, as Plaintiff will not get audio and video (CCTV) surveillance footage to confirm.

94.     Starbucks Coffee Company; Starbucks Corporation, employee District Manager Frank Marino, stated that they have the power with Federal and State Judges in the State of California to place a protective order and gag order against Plaintiff, to refrain Plaintiff from speaking publicly about Starbucks Coffee Company; Starbucks Corporation, employee DOE 1 and District Manager Frank Marino.

95.     As a direct and proximate result of the aforesaid acts and omissions of the Defendants Starbucks Coffee Company; Starbucks Corporation; DOE 1, Plaintiff Cecil Elmore Jr suffered and will continue to suffer severe mental and physical pain, anguish, fright, nervousness, shock, emotional distress, humiliation, indignity, embarrassment, which have caused Plaintiff Cecil Elmore Jr to sustain damages in a sum to be determined at Jury Trial.

96.     In doing the foregoing wrongful acts, Defendants Starbucks Coffee Company; Starbucks Corporation; DOE 1, acted with conscious disregard of Plaintiff Cecil Elmore Jr rights as a customer in this Starbucks restaurant store located at 6745 Hollywood Blvd., Los Angeles, California 90028, which is a public accommodation for all persons in the United States of America regardless of customers race and color such as Plaintiff being African American/Black.  Said Starbucks Coffee Company; Starbucks

Corporation; DOE 1, conduct was willful, wanton, malicious, and oppressive, thereby justifying an award of exemplary and punitive damages against each individual to punish the wrongful conduct alleged herein and to deter such conduct in the future.

**SECOND CAUSE OF ACTION**

VIOLATION 42 U.S. CODE § 2000a – 2a

PROHIBITION AGAINST DEPRIVATION OF INTERFERENCE WITH, AND PUNISHMENT FOR EXERCISING RIGHTS AND PRIVILEGES SECURED BY SECTION 2000a

(AGAINST STARBUCKS COFFEE COMPANY; STARBUCKS CORPORATION; DOE 1)

97.      Plaintiff incorporates by reference the allegations of paragraphs 11 through 19; and Paragraphs 20 through 94 above, as if each such allegation was set forth herein.

98.      Defendants Starbucks Coffee Company; Starbucks Corporation; and employee Defendant DOE 1, intentionally maliciously, and directly with force intimidated and threatened Plaintiff with the intent to interfere with the rights and privileges secured by Section 2000a.  Starbucks Coffee Company; Starbucks Corporation; DOE 1 denied Plaintiff public accommodation of goods and services secured by Section 2000a.  Plaintiff demanded public accommodation of goods and services such as Venti Frappuccino Blended beverage from Starbucks employee DOE 1.  Starbucks employee DOE 1 punished Plaintiff for exercising right and privileges secured by Section 2000a.

99.      Defendants Starbucks Coffee Company; Starbucks Corporation; DOE 1, willfully, directly, intentionally, and maliciously denied Plaintiff rights and privileges secured by Section 2000a.

100.      As a direct and proximate result of the aforesaid acts and omissions of the Defendants Starbucks Coffee Company; Starbucks Corporation; DOE 1, Plaintiff Cecil Elmore Jr suffered and will continue to suffer severe mental and physical pain, anguish, fright, nervousness, shock, emotional distress, humiliation, indignity, embarrassment, which have caused Plaintiff Cecil Elmore Jr to sustain damages in a sum to be determined at Jury Trial.

101.      In doing the foregoing wrongful acts, Defendants Starbucks Coffee Company; Starbucks Corporation; DOE 1, acted with conscious disregard of Plaintiff Cecil Elmore Jr rights as a customer in this Starbucks restaurant store located at 6745 Hollywood Blvd., Los Angeles, California 90028, which is

a public accommodation for all persons in the United States of America regardless of customers race and color such as Plaintiff being African American/Black.  Said Starbucks Coffee Company; Starbucks Corporation; DOE 1, conduct was willful, wanton, malicious, and oppressive, thereby justifying an award of exemplary and punitive damages against each individual to punish the wrongful conduct alleged herein and to deter such conduct in the future.

### THIRD CAUSE OF ACTION

VIOLATION 42 U.S. CODE § 2000a – 2b

PROHIBITION AGAINST DEPRIVATION OF INTERFERENCE WITH, AND PUNISHED FOR EXERCISING

RIGHTS AND PRIVILEDGES SECURED BY SECTION 2000a

(AGAINST STARBUCKS COFFEE COMPANY; STARBUCKS CORPORATION; DOE 1)

102.    Plaintiff incorporates by reference the allegations of paragraphs 11 through 19; and paragraphs 20 through 94 above, as if each such allegation was set forth herein.

103.    Defendants Starbucks Coffee Company; Starbucks Corporation; and employee Defendant DOE 1, intimidated Plaintiff by brandishing a sharp object knife directly, intentionally, maliciously, in an aggressive manner to Plaintiff.  Defendants Starbucks Coffee Company; Starbucks Corporation; DOE 1, physically threatened Plaintiff and verbally stated threats of violence against Plaintiff because of his African American race, with the purpose of interfering with Plaintiff rights and privileges secured by Section 2000a.  Defendants Starbucks Coffee Company; Starbucks Corporation; DOE 1, verbally stated threats of physical harm with the purpose of interfering with rights and privileges secured by Section 2000a.  Defendants Starbucks Coffee Company; Starbucks Corporation; employee Defendant DOE 1, threatened to stab Plaintiff with a sharp object knife with the intent to interfere with Plaintiff rights and privileges secured by Section 2000a.

104.    As a direct and proximate result of the aforesaid acts and omissions of the Defendants Starbucks Coffee Company; Starbucks Corporation; DOE 1, Plaintiff Cecil Elmore Jr suffered and will continue to suffer severe mental and physical pain, anguish, fright, nervousness, shock, emotional distress, humiliation, indignity, embarrassment, which have caused Plaintiff Cecil Elmore Jr to sustain damages in a sum to be determined at Jury Trial.

105.        In doing the foregoing wrongful acts, Defendants Starbucks Coffee Company; Starbucks Corporation; DOE 1, acted with conscious disregard of Plaintiff Cecil Elmore Jr rights as a customer in this Starbucks restaurant store located at 6745 Hollywood Blvd., Los Angeles, California 90028, which is a public accommodation for all persons in the United States of America regardless of customers race and color such as Plaintiff being African American/Black.  Said Starbucks Coffee Company; Starbucks Corporation; DOE 1, conduct was willful, wanton, malicious, and oppressive, thereby justifying an award of exemplary and punitive damages against each individual to punish the wrongful conduct alleged herein and to deter such conduct in the future.

**FOURTH CAUSE OF ACTION**

VIOLATION RALPH CIVIL RIGHTS ACT – THREAT OF VIOLENCE

CALIFORNIA CIVIL CODE § 51.7

(AGAINST STARBUCKS COFFEE COMPANY; STARBUCKS CORPORATION; DOE 1)

106.        Plaintiff incorporates by reference the allegations of paragraphs 11 through 19; and paragraphs 20 through 94 above, as if each such allegation was set forth herein.

107.        Plaintiff claims that Defendants Starbucks Coffee Company; Starbucks Corporation; DOE 1, committed an act of violence against him because of his race, color of his skin and African American physical characteristics.

108.         That Defendants Starbucks Coffee Company; Starbucks Corporation; DOE 1, committed a violent act against Plaintiff.

109.        That a substantial motivating reason for Defendants Starbucks Coffee Company; Starbucks Corporation; DOE 1, conduct was there perception of Plaintiff race, color of his skin and African American physical characteristics.

110.        That Plaintiff was harmed; in that Defendants Starbucks Coffee Company; Starbucks Corporation; DOE 1, was a substantial factor in causing Plaintiff harm.

111.         As a direct and proximate result of the aforesaid acts and omissions of the Defendants Starbucks Coffee Company; Starbucks Corporation; DOE 1, Plaintiff Cecil Elmore Jr suffered and will continue to suffer severe mental and physical pain, anguish, fright, nervousness, shock, emotional

distress, humiliation, indignity, embarrassment, which have caused Plaintiff Cecil Elmore Jr to sustain

damages in a sum to be determined at Jury Trial.

112.      In doing the foregoing wrongful acts, Defendants Starbucks Coffee Company; Starbucks

Corporation; DOE 1, acted with conscious disregard of Plaintiff Cecil Elmore Jr rights as a customer in

this Starbucks restaurant store located at 6745 Hollywood Blvd., Los Angeles, California 90028, which is

a public accommodation for all persons in the United States of America regardless of customers race

and color such as Plaintiff being African American/Black.  Said Starbucks Coffee Company; Starbucks

Corporation; DOE 1, conduct was willful, wanton, malicious, and oppressive, thereby justifying an

award of exemplary and punitive damages against each individual to punish the wrongful conduct

alleged herein and to deter such conduct in the future.


**FIFTH CAUSE OF ACTION**

VIOLATION TOM BANE CIVIL RIGHTS ACT

CALIFORNIA CIVIL CODE § 52.1

(AGAINST STARBUCKS COFFEE COMPANY; STARBUCKS CORPORATION; DOE 1)

113.      Plaintiff incorporates by reference the allegations of paragraphs 11 through 19; and

paragraphs 20 through 94 above, as if each such allegation was set forth herein.

114.      Plaintiff claims that Defendants Starbucks Coffee Company; Starbucks Corporation; DOE

1, intentionally interfered with his Civil Rights by threats and intimidation.

115.      That by threats and intimidation, Defendants Starbucks Coffee Company; Starbucks

Corporation; DOE 1, caused Plaintiff to reasonably believe that if he exercised his Right to public

accommodation services, Defendants Starbucks Coffee Company; Starbucks Corporation; DOE 1, would

commit violence against him in that Defendants Starbucks Coffee Company; Starbucks Corporation;

DOE 1, had the apparent ability to carry out the threats.

116.      That Defendants Starbucks Coffee Company; Starbucks Corporation; DOE 1, intended to

deprive Plaintiff of his enjoyment of the interests protected by the Right to public accommodations.

117.       That Plaintiff was harmed.

118.      That Defendants Starbucks Coffee Company; Starbucks Corporation; DOE 1, conduct

was a substantial factor in causing Plaintiff harm.

119.        As a direct and proximate result of the aforesaid acts and omissions of the Defendants Starbucks Coffee Company; Starbucks Corporation; DOE 1, Plaintiff Cecil Elmore Jr suffered and will continue to suffer severe mental and physical pain, anguish, fright, nervousness, shock, emotional distress, humiliation, indignity, embarrassment, which have caused Plaintiff Cecil Elmore Jr to sustain damages in a sum to be determined at Jury Trial.

120.        In doing the foregoing wrongful acts, Defendants Starbucks Coffee Company; Starbucks Corporation; DOE 1, acted with conscious disregard of Plaintiff Cecil Elmore Jr rights as a customer in this Starbucks restaurant store located at 6745 Hollywood Blvd., Los Angeles, California 90028, which is a public accommodation for all persons in the United States of America regardless of customers race and color such as Plaintiff being African American/Black.  Said Starbucks Coffee Company; Starbucks Corporation; DOE 1, conduct was willful, wanton, malicious, and oppressive, thereby justifying an award of exemplary and punitive damages against each individual to punish the wrongful conduct alleged herein and to deter such conduct in the future.

### SIXTH CAUSE OF ACTION

VIOLATION INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS (IIED)

(AGAINST STARBUCKS COFFEE COMPANY; STARBUCKS CORPORATION; DOE 1)

121.        Plaintiff incorporates by reference the allegations of paragraphs 11 through 19; and paragraphs 20 through 94 above, as if each such allegation was set forth herein.

122.        That Defendants Starbucks Coffee Company; Starbucks Corporation; DOE 1, acted with reckless disregard of the probability that Plaintiff would suffer emotional distress, knowing that Plaintiff was present when the conduct occurred.

123.        That Plaintiff suffered emotional distress.

124.        That Defendants Starbucks Coffee Company; Starbucks Corporation; DOE 1, was a substantial factor in causing Plaintiff emotional distress.

125.        As a direct and proximate result of the aforesaid acts and omissions of the Defendants

Starbucks Coffee Company; Starbucks Corporation; DOE 1, Plaintiff Cecil Elmore Jr suffered and will continue to suffer severe mental and physical pain, anguish, fright, nervousness, shock, emotional distress, humiliation, indignity, embarrassment, which have caused Plaintiff Cecil Elmore Jr to sustain damages in a sum to be determined at Jury Trial.

126.    In doing the foregoing wrongful acts, Defendants Starbucks Coffee Company; Starbucks Corporation; DOE 1, acted with conscious disregard of Plaintiff Cecil Elmore Jr rights as a customer in this Starbucks restaurant store located at 6745 Hollywood Blvd., Los Angeles, California 90028, which is a public accommodation for all persons in the United States of America regardless of customers race and color such as Plaintiff being African American/Black.  Said Starbucks Coffee Company; Starbucks Corporation; DOE 1, conduct was willful, wanton, malicious, and oppressive, thereby justifying an award of exemplary and punitive damages against each individual to punish the wrongful conduct alleged herein and to deter such conduct in the future.

### SEVENTH CAUSE OF ACTION

VIOLATION NEGLEGENT SUPERVISION

(AGAINST STARBUCKS COFFEE COMPANY; STARBUCKS CORPORATION)

127.    Plaintiff incorporates by reference the allegations of paragraphs 11 through 19; and paragraphs 20 through 94 above, as if each such allegation was set forth herein.

128.    Plaintiff claims that he was harmed by Defendant DOE 1 and that Defendants Starbucks Coffee Company; Starbucks Corporation is responsible for that harm because Defendants Starbucks Coffee Company; Starbucks Corporation negligently supervised their employee Defendant Dat OE 1.

129.    That Defendants Starbucks Coffee Company; Starbucks Corporation supervised their employee Defendant DOE 1.

130.    That Defendant DOE 1 became unfit to perform the work for which he was hired.

131.    That Defendant Starbucks Coffee Company; Starbucks Corporation, should have known that Defendant DOE 1 became incompetent in that the incompetence created a risk to Plaintiff.

132.    That Defendant DOE 1 incompetence harmed Plaintiff.

133.    That Defendants Starbucks Coffee Company; Starbucks Corporation negligence in

supervising Defendant DOE 1 was a substantial factor in causing Plaintiff harm.

134.    As a direct and proximate result of the aforesaid acts and omissions of the Defendants Starbucks Coffee Company; Starbucks Corporation; DOE 1, Plaintiff Cecil Elmore Jr suffered and will continue to suffer severe mental and physical pain, anguish, fright, nervousness, shock, emotional distress, humiliation, indignity, embarrassment, which have caused Plaintiff Cecil Elmore Jr to sustain damages in a sum to be determined at Jury Trial.

135.    In doing the foregoing wrongful acts, Defendants Starbucks Coffee Company; Starbucks Corporation; DOE 1, acted with conscious disregard of Plaintiff Cecil Elmore Jr rights as a customer in this Starbucks restaurant store located at 6745 Hollywood Blvd., Los Angeles, California 90028, which is a public accommodation for all persons in the United States of America regardless of customers race and color such as Plaintiff being African American/Black.  Said Starbucks Coffee Company; Starbucks Corporation; DOE 1, conduct was willful, wanton, malicious, and oppressive, thereby justifying an award of exemplary and punitive damages against each individual to punish the wrongful conduct alleged herein and to deter such conduct in the future.

## EIGHTH CAUSE OF ACTION

VIOLATION NEGLIGENCE

(AGAINST STARBUCKS COFFEE COMPANY; STARBUCKS CORPORATION)

136.    Plaintiff incorporates by reference the allegations of paragraphs 11 through 19; and paragraphs 20 through 94 above, as if each such allegation was set forth herein.

137.    Plaintiff claims that he was harmed by Defendants Starbucks Coffee Company; Starbucks Corporation, negligence.

138.    That Defendants Starbucks Coffee Company; Starbucks Corporation were negligent.

139.    That Plaintiff was harmed.

140.    That Defendants Starbucks Coffee Company; Starbucks Corporation negligence was a substantial factor in causing Plaintiff harm.

141.    As a direct and proximate result of the aforesaid acts and omissions of the Defendants

Starbucks Coffee Company; Starbucks Corporation; DOE 1, Plaintiff Cecil Elmore Jr suffered and will continue to suffer severe mental and physical pain, anguish, fright, nervousness, shock, emotional distress, humiliation, indignity, embarrassment, which have caused Plaintiff Cecil Elmore Jr to sustain damages in a sum to be determined at Jury Trial.

142.      In doing the foregoing wrongful acts, Defendants Starbucks Coffee Company; Starbucks Corporation; DOE 1, acted with conscious disregard of Plaintiff Cecil Elmore Jr rights as a customer in this Starbucks restaurant store located at 6745 Hollywood Blvd., Los Angeles, California 90028, which is a public accommodation for all persons in the United States of America regardless of customers race and color such as Plaintiff being African American/Black.  Said Starbucks Coffee Company; Starbucks Corporation; DOE 1, conduct was willful, wanton, malicious, and oppressive, thereby justifying an award of exemplary and punitive damages against each individual to punish the wrongful conduct alleged herein and to deter such conduct in the future.

## INJUNCTIVE RELIEF

143.      Plaintiff demands injunctive relief against Defendants Starbucks Coffee Company and Starbucks Corporation for them to permanently no longer be authorized to participate in the "Coffee With A Cop Program" with any Law Enforcement Agencies, State Police Departments, Federal Police Departments across the United States of America.

144.      Starbucks Coffee Company; Starbucks Corporation unlawfully benefit from their partner, Los Angeles Police Department (LAPD) as they are in the "Coffee With A Cop Program" which they used to suppress, conceal, destroy and overwritten Starbucks restaurant audio and video (CCTV) surveillance camera footage that intentionally harmed Plaintiff with threats of violence, racial discrimination, deprivation of public accommodation services, and intimidation, for Plaintiff being African American/Black.

145.      Without this injunction against Defendants Starbucks Coffee Company and Starbucks Corporation, Plaintiff will suffer irreparable harm that cannot be remedied by monetary damages alone.

146.      The future potential harm for Defendants Starbucks Coffee Company; Starbucks

Corporation in corruption, unlawful partnership with Law Enforcement, State Police Departments,

Federal Police Departments across the United States of America will cause hardship against Plaintiff of

any future incidents involving Law Enforcement Agencies, State Police Departments, Federal Police

Departments would encounter.

147.        The Court GRANTING permanent injunction to not authorize Starbucks Coffee Company;

Starbucks Corporation to no longer be able to participate in the "Coffee With A Cop Program" will

deter future persons from being harmed by Starbucks Coffee Company; Starbucks Corporation

corruption relationships with Law Enforcement throughout the United States of America.


**PRAYER FOR RELIEF**

WHEREFORE, PLAINTIFF CECIL ELMORE JR, pray for relief and judgement as follows:

**On Counts One through Eight against Defendants Starbucks Coffee Company; Starbucks
Corporation; DOE 1:**

(1) For an Order enjoining Defendants from Violating Federal Laws;

(2) For a Declaration that Defendants have Violated Federal Laws;

(3) A Declaratory Judgement that the actions, conduct, and practices of Defendants complained
    herein violate Federal Laws;

(4) An Award of Damages in the amount of $10,000,000.00 against Defendants, in an amount to be
    determined at Jury Trial, plus prejudgment interests, to compensate Plaintiff for all monetary
    and/or economic damages, including, but not limited to, loss of past and future income, wages,
    compensation, and other benefits of employment;

(5) An Award of Damages in the amount of $40,000,000.00 against Defendants, in the amount to
    be determined at Jury Trial, plus prejudgment interests, to compensate Plaintiff for all non-
    monetary and/or compensatory damages, including, but not limited to, compensation for
    Plaintiff mental anguish, humiliation, embarrassment, stress, and anxiety, emotional pain and
    suffering, and emotional distress;

(6) An Award of Punitive Damages, in an amount to be determined at Jury Trial;

(7) Prejudgment interest of all amount due;

(8) An Award of Costs that Plaintiff has occurred in this action, including, but not limited to, expert witness, fees, as well as Plaintiff reasonable attorney's fees and costs to the fullest extent permitted by Law;

(9) For such other and further relief as the Court deems just and proper.

**JURY DEMAND**

Plaintiff hereby demands a trial by Jury on all issues of fact and damages stated herein.

**PRESERVATION NOTICE**

The term "you," "your," or "yours" as used herein shall refer to you (the recipient of this letter), as well as to the respondents and any individuals responsible for the custody and control of the below information, including, but not limited to, those individuals' administrative assistants, secretaries, agents, employees, information technology personnel and third-party vendors.  From this point forward, you are directed to prevent "spoliation," defined as altering, changing, updating, destroying (even if periodically), editing, or deleting any information set forth hereafter.  If you cause any such alteration, destruction, or change, direct it, or allow it to occur, you may be charged with discovery rule violations for which sanctions may be imposed.  Further, your failure to abide by this request could result in severe penalties against you and form the basis of legal claims for spoilation.

ELECTONICALLY STORED INFORMAITON:

In terms of electronically stored information, you are directed to prevent any destructive, alternative or other charge to any web pages, virtual profiles or identical (including, but not limited to, Facebook, Instagram, Pinterest, X formally Twitter, Tumblr, LinkedIn, Snapchat, Good Plus+, Flickr, Vine, About.me, ask.fm etc., or any other social media-based web profile or networking site account), emails, voice message, text messages, instant messages or messaging system, portable memory device, laptops or computers, CDs, DVDs, USB devices, databases, computer activity logs, internet

browsing history (including cookies), network access and server activity logs, word processing files and file fragments, backup and archival files, imaging and facsimile files, electronic calendar and scheduling program files and file fragments as well as any other contact and relationship management data (e.g., Outlook), electronic spreadsheet files and file fragments, pertaining in any way to this controversy of the parties of any potential witnesses.  This includes a request that such information not be modified, altered, or deleted due to data compressed or disk fragmentation (or other optimization procedures), which processes you are herby directed to suspend until that date can be preserved, copied, and produced.

You are directed not to modify, alter, or delete or allow modifications, alterations, or deletions to be made to any electronically stored information.  You are further directed to preserve all, and not to destroy any, passwords, decryption productions (including, if necessary, the software to decrypt the files), network access codes, manuals, tutorials, written instructions, decompression or reconstruction software, and any other information and things necessary to access, view and (if necessary) reconstruct the electronic data we will request through discovery.

PAPER INFORMATION:

Regarding the paper information, you are directed to preserve any emails, videos, texts, memos, reports, documents, notes, correspondence, photographs, investigative information, or other documents about the controversy, parties, or witnesses.  I expect to obtain several documents and other data from you through discovery, including text messages, emails, photographs, and other information stored on computers, electronic devices, and telephones.

Although I may bring a motion with a court for order-preserving documents and other data from destructive or alteration, your obligation to preserve documents and other data for discovery, in this case, arises independently from any order on such motion.  Electronic documents and the storage media, including but not limited to telephones on which they reside, contain relevant discoverable information beyond what my be found in printed documents.  Therefore, even where a paper copy exists, I will likely seek all documents in their original, electronic form, along with metadata or information about those documents on the media.  I will seek paper printouts of only those documents that contain unique information created after they were printed (e.g., paper documents containing

handwriting, signatures, marginalia, drawings, annotations, highlighting, and redactions) and any paper documents for which no corresponding electronic files exist.

The laws and rules prohibiting the destruction of evidence apply to electronically stored information in the same manner they apply to other evidence. Due to its format, electronic information is quickly deleted, modified, or corrupted. Accordingly, the demand is made that you take every reasonable step to preserve this information until the final resolution of this matter. This may include, but not limited to, an obligation to discontinue all data destruction and backup tape recycling policies.

Concerning electronic date created after this Complaint's delivery date, relevant evidence should not be destroyed. You must take the steps necessary to avoid the destruction of such evidence.

Respectfully Submitted,

Dated: August 21, 2025                              BY:   _/s/ Cecil Elmore Jr_____
                                                    Cecil Elmore Jr
                                                    Counsel, in Pro Se

**DEMAND FOR INSURANCE COVERAGE**

Defendants are demanded to provide a complete copy of their applicable insurance policies and declaration sheet demonstrating coverage within thirty (30) days of service of this Complaint.

Respectfully Submitted,

Dated: August 21, 2025                              BY:   _/s/ Cecil Elmore Jr_____
                                                    Cecil Elmore Jr
                                                    Counsel, in Pro Se